*Li v. Holder*
BIA
A095 850 517

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

_____

YA QIN LI,
> *Petitioner,*

v.

13-2637
NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Thomas D. Barra, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ya Qin Li, a native and citizen of the People's Republic of China, seeks review of the June 12, 2013, decision of the BIA denying her motion to reopen, *In re Ya Qin LI*, No. A095 850 517 (B.I.A. June 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA's denial of Li's motion to reopen as untimely and number-barred was not an abuse of discretion. *See Kaur v. B.I.A.*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Li's 2013 motion was untimely and number-barred, as it was her second motion to reopen, and the final

2

administrative decision was issued in 2004.  However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Substantial evidence supports the BIA's determination that Li failed to demonstrate changed country conditions in China.  *See Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).  "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).

The BIA may also deny a motion to reopen when the movant has not established her prima facie eligibility for the underlying relief sought.  See *I.N.S. v. Abudu*, 485 U.S. 94, 104-05 (1988).  The BIA did not abuse its discretion in concluding that Li failed to establish an objectively reasonable fear of future

persecution based on her practice of Falun Gong because she did not show that anyone in China was aware of that practice. *See Y.C. v. Holder*, 741 F.3d 324, 333-34 (2d Cir. 2013); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk